LÓPEZ, PETITIONER AND APPELLANT, *v.* PEOPLE, CONTESTANT AND APPELLEE.

APPEAL from the District Court of Arecibo in a Possessory Title Proceeding.

No. 1794.—Decided June 27, 1918.

POSSESSORY TITLE—RECORD OF TITLE—CERTIFICATE OF PAYMENT OF TAXES.—When one in possession of unrecorded property dies, an heir may institute possessory proceedings for the purpose of recording the property belonging to the estate, first in the name of the predecessor in interest and then in the name of the heir, both, of course, after making the proper showing. However, a certificate of the payment of taxes by the widow of the deceased twenty years later on a different property of greater area, without any proof

that this property includes the property in question, does not accord with the theory of the petition and affords no proper basis for the decree sought to be obtained.

The facts are stated in the opinion.

*Messrs. Manuel Paz, Adrián Agosto* and *Jesús Martínez Dávila* for the appellant.

*Messrs. Salvador Mestre, fiscal,* and *José Aponte, fiscal,* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The order appealed from reads as follows:

"In this case, the petitioner, Juan Francisco de Jesús López, prays for a decree of possessory title to the rural property described in the petition, in favor of his father Bernabé de Jesús Villegas, up to November 7th, 1896, the date of his death.

"The right granted by section 398 of the Mortgage Law is to record the petitioner's right of possession, and the proceedings must refer to the fact of possession of the property in his own name, by the party instituting the proceedings, sections 390 and 391 of the Mortgage Law, and in the instant case the petitioner does not set up his actual possession either present or past, but refers to a possession by his father twenty-one years ago.

"The certificate annexed to the petition corresponds to the fiscal year 1916–1917, appears to be in the name of a certain Francisca López and refers to a property of 18 *cuerdas* of land, while the one involved herein contains only 7 *cuerdas,* and is not, therefore, identified.

"There is no certificate whatever to the effect that Bernabé de Jesús Villegas paid any taxes as owner of any real property; and the fourth requisite prescribed by section 391 of the Mortgage Law is therefore wanting.

"Moreover, the testimony of the two witnesses is contradictory in regard to the acquisition and possession of the property by a certain Bernabé de Jesús; and the verification of the petition is defective.

"The *fiscal* opposed the proceedings, and the court, concurring in the report of the *fiscal,* and for the reasons stated,

"Declines to enter the decree sought to be obtained herein."

Appellant insists that the district court erred, first, in its interpretation of articles 390 and 391 of the Mortgage Law;

second, in holding that the property of seven *cuerdas* was not identified as part of the larger parcel on which taxes were paid; third, in requiring evidence of payment of taxes by Bernabé de Jesús; fourth, in finding a conflict in the testimony; and, fifth, in amending the order complained of after notice thereof to appellant.

The first assignment is sound. Odriozola, 541–42; IV Galindo (3d ed.), 726; Decisions, January 11, 24 and 29, 1864. When one in possession of unrecorded property dies, an heir may institute possessory proceedings for the purpose of recording the property belonging to the estate, first in the name of the predecessor in interest and then in the name of the heir, both, of course, after making the proper showing.

In support of the second assignment appellant relies on the sworn petition rather than on the evidence, but the affidavit of petitioner is so vague that it is meaningless. The defect, of course, might be cured by amendment, although we do not mean to suggest that this would oblige the trial judge to accept any allegation of the petition as an established fact without further proof.

The ground specified in the third assignment is not well taken. Appellant instituted proceedings for the purpose of establishing a possessory title in Bernabé de Jesús, deceased, and to show payment of taxes, tendered a certificate in which Francisco López appears as having paid the two semi-annual instalments for the year 1916–17, amounting to $15.10, assessed upon a parcel of eighteen *cuerdas* situated in the *barrio* of Islote, municipality of Arecibo. That certificate does not accord with the theory of the petition and affords no proper basis for the decree sought to be obtained directing an entry upon the record in the name of Bernabé de Jesús, who died in 1896.

As to the fourth assignment, a mere conflict in the testimony is important only in so far as, in connection with other circumstances, the evidence fails to satisfy the mind of the trial court. One of the witnesses seems uncertain as to dates

and the period during which Bernabé de Jesús was in possession prior to his death, but as to the fact of possession for two years or more, as alleged in the petition, there seems to be no serious conflict.

The interlineation complained of, although not specified by appellant, seems to be the addition of the words "and the oath to the petition is defective" at the close of the antepenultimate paragraph of the order as quoted above. The amendment, if in fact made after notice of the judgment given to attorney for petitioner, merely adds another reason for the action of the court and does not modify the dispositive portion of the order. Twenty days elapsed before the notice of appeal was filed and the date of the alleged amendment does not appear. No prejudice is shown and the irregularity, if any, was harmless.

In the circumstances the judgment must be affirmed without prejudice to the institution of new proceedings to establish the possessory title in question.

*Affirmed without prejudice.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.